IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OTHA OWENS, JR.<br><br>　　Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>TAMMY SUSKI, Personal Representative of the Estate of John D. Condor, and DOHRN TRANSFER COMPANY, an Illinois Corporation,<br><br>　　Defendants/Counterclaimants. | **Case No. 8:11cv142** |

**BRIEF OF COUNTERCLAIM DEFENDANT OTHA OWENS, JR. IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE H. DAVID FELTOON, PhD.**

***PREPARED AND SUBMITTED BY:***
Thomas M. Locher, NE Bar #15797
Patrick V. Ortman, NE Bar #23439
LOCHER PAVELKA DOSTAL
BRADDY & HAMMES, LLC
200 The Omaha Club
2002 Douglas Street
tlocher@lpdbhlaw.com
Omaha, NE 68102
Phone: (402) 898-7000
Fax: (402) 898-7130

***ATTORNEYS FOR COUNTERCLAIM DEFENDANT OTHA OWENS, JR.***

## INTRODUCTION

Counterclaim Plaintiff Tammy Suski, as Personal Representative of The Estate of John D. Conder ("The Estate"), has designated H. David. Feltoon, PhD as an expert witness in this matter and with the designation served a document entitled "Psychological Evaluation" reporting upon a "Psychological Autopsy" performed by Feltoon ("Psychological Autopsy"). See Owens' Index of Evidence, No. 1.

Counterclaim Defendant Otha Owens, Jr. ("Owens") hereby objects to the Psychological Autopsy Report and any testimony at trial of Dr. Feltoon based upon The Estate's failure to comply with the provisions of Federal Rule of Civil Procedure 26(a)(2)(B). In particular, the Psychological Autopsy Report: (1) fails to disclose any opinions (let alone a full and complete statement of all opinions and basis and reasons for the opinions) and (2) fails to satisfy the requirements of Federal Rule of Evidence 702.

To the extent the Feltoon Psychological Autopsy Report even provides a description of the proposed testimony, it appears that this testimony will be directed exclusively to the "mental anguish" John D. Conder purportedly experienced in the moments before his death. To arrive at this "opinion", Dr. Feltoon relies solely upon an audio recording where Mr. Conder was speaking with a 911 operator when Feltoon opines he "experienced pre-impact fright and terror" before the collision at issue occurred between Conder and Owens. This opinion does not require any scientific, technical, or other specialized knowledge, and is therefore not the proper subject of expert testimony under Federal Rule of Evidence 702. Dr. Feltoon's opinions not only fail to have the requisite foundation, they are not helpful to the finder of fact.

## ARGUMENT

I. **Feltoon's Psychological Autopsy Report Fails to Comply with the Requirement of Fed. R. Civ. P. 26.**

Fed. R. Civ. P. 26(a)(2)(B) required the Estate to provide a report setting forth "a complete statement of all opinions to be expressed." However, the Feltoon Psychological Autopsy Report fails to set forth any admissible opinions. Further, the Feltoon Psychological Autopsy Report does not set forth "the basis and reasons therefor." *Id.* At best, the report is a one-page outline that broadly mentions the subject(s) the author intends to discuss at trial. This is the disclosure that Federal Courts have deemed wholly inadequate. See *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); R.C. Olmstead, Inc. v. CU Interface, ____ F.3d ____ (6th Cir. 2010) (report should contain enough detail such that the party does not have to depose the expert to avoid ambush); *Romero v. Drummond Co.*, 552 F.3d 1303, 1323 (11th Cir.) (reports that "merely recite the general subject matter of their expected testimony" are insufficient).

Simply stated, anyone reading the Feltoon Psychological Autopsy Report is left to speculate as to the basis for Feltoon's "opinions" as he does not refer to any scientific or psychological data or standards. Further, he fails to identify the methodology employed in reaching his opinions or whether any such methodology has been peer reviewed and deemed acceptable.

This is certainly not the level of disclosure the advisory committee had in mind when stating that reports prepared pursuant to Fed.R.Civ.P. 26(a)(2)(B) should be

detailed and complete. Instead, it resembles the prior practice of providing information that "was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." 1993 Advisory Committee Notes.

For these reasons alone, Feltoon's Psychological Autopsy Report is insufficient and his testimony and opinions should be barred at trial.

## II. Feltoon's Opinions and Testimony Are Inadmissible under Fed. R. Evid. 702 and *Daubert*.

Federal Rule of Evidence 702 provides that an expert qualified "by knowledge, skill, experience, training, or education" may testify about "scientific, technical, or other specialized knowledge" if it "will assist the trier of fact to understand the evidence or to determine a fact in issue" and if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts." Fed. R. Evid. 702. Thus, there are two basic requirements under Rule 702: (1) the knowledge must be scientific, technical, or other specialized knowledge; and (2) the knowledge must assist the trier of fact to understand the evidence or to determine a fact in issue.

In order to determine that an expert's opinion is admissible, a district court should, first, determine that the witness is qualified by "knowledge, skill, experience, training, or education" to render an opinion and, second, the court should determine "whether the witness' opinions are 'reliable' under the principles set forth under *Daubert*. See Fed. R. Evid. 702 Advisory Committee Notes. Admission of expert testimony is guided by the

principles of *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993).

In *Daubert*, the Supreme Court explained that a district judge is a gate-keeper to ensure that expert testimony is both reliable and relevant. *Daubert*, 509 U.S. at 597. First, the district judge must determine whether the testimony is reliable, which requires an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid. *Daubert*, 509 U.S. at 592-93. Second, the judge should determine whether that reasoning or methodology can be properly applied to the facts in issue. *Id*.

### A. Feltoon's Opinions Are Not Based upon Sufficient Facts or Data

In his Psychological Autopsy Report, Feltoon simply opines that Conder "experienced pre-impact fright and terror" in the moments before his death. (Exhibit 1, page 2). In support of his opinion, he solely relied upon the 911 audio recording purportedly evidencing the last moments of Conder's life. The Psychological Autopsy Report fails to list any other facts or data relied upon outside of the audio recording. However, the question remains of how can one know to a reasonable degree of scientific certainty what Conder experienced in those moments before his death?

Yet Feltoon concludes that Conder "was a victim and there was nothing he could do". (Exhibit 1, page 2). He offers absolutely no citations to any underlying facts, tests, findings, work of other experts or data to support this speculative statement about the feelings experienced by Conder prior to his death. His "opinion" as to the subjective state of mind of another person is not only sheer conjecture, but an unsupported assumption. Thus, under the first prong of Rule 702, Feltoon's testimony is inadmissible.

## B. Feltoon's Opinions Are Not the Product of Reliable Principles and Methods

The *Daubert* Court listed four factors to assess reliability under Rule 702: (1) whether the theory has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error associated with the theory; and (4) whether the theory has attained widespread or general acceptance. *Daubert* 509 U.S. at 592-94.

In this case, there is really no way of determining whether the second prong of Rule 702 has been met by Feltoon's Psychological Autopsy, as he does not indicate what principles or methods were used in coming to his conclusions. He does not refer to any standards or methods for performing a psychological autopsy. The Report fails to show that Feltoon utilized any recognized principles or methods to provide his opinions. At one point, he notes that "psychological research indicates that emotional and physical injuries are not separate and distinct types of harm". (Exhibit 1, page 2). However, he fails to identify this research or otherwise provide the reader with an understanding of its reliability.

Further, the Report fails to set forth whether his "methodology" used in listening to a recording and determining Conder feared for his life has been peer reviewed and tested or whether this is an acceptable method for arriving at such opinions by other experts. Again, this evidences the lack of reliability in his opinions.

Therefore, under the second prong of Rule 702, Feltoon's testimony is inadmissible.

### C. Feltoon Failed to Apply the Principles and Methods Reliably to the Facts.

It is not possible with the present disclosure to determine the "reliability" of Dr. Feltoon's proffered opinion under Rule 702 and *Daubert* because Feltoon fails to indicate what principles and methods were relied upon to come to his conclusions. "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *Michigan Millers Mut. Ins. Corp. v. Benfield*, 140 F.3d 915, 921 (11th Cir. 1998). "A court may conclude there is simply too great an analytical gap between the data and the opinion proffered." *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997). Thus, the Court may exclude expert testimony that is imprecise and unspecific or whose factual basis is not adequately explained.

In this case, Dr. Feltoon simply fails to connect the actual facts to any scientific principle or standard supporting his conclusions. It is thus capable of being assessed for reliability and is not helpful to the trier of fact.

### D. Feltoon's Opinions Do Not Assist the Trier of Fact to Understand the Evidence or to Determine a Fact in Issue

Expert testimony is admissible if it offers something "beyond the understanding and experience of the average citizen." *United States v. Rouco,* 765 F.2d 983, 997 (11th Cir. 1985).

Simply stated, Feltoon's opinions concern matters that lie within the understanding of the average layperson, making expert testimony on this subject unnecessary. As stated above, Feltoon opines that Conder experienced fear in the moments before his death. The sole basis for this opinion is an audio recording of a

911 call involving the decedent. This is not a conclusion reached through scientific study or any such methodology, but simply a legal conclusion that does little more than tell the jury what result should be reached. The members of the jury can draw their own conclusion of whether Conder experienced fear by simply listening to the 911 audio recording, (assuming it is admitted into evidence), prior to the purported moment of impact between the two vehicles. As such, Feltoon's proffered testimony and opinions contained in the Psychological Autopsy Report should be excluded because they are not helpful to the trier of fact.

## **CONCLUSION**

For the reasons stated above, Owens objects to the Psychological Autopsy Report of Dr. Feltoon, in its entirety, and moves in limine to exclude any testimony or opinions from Dr. Feltoon because they fail to satisfy with the requirements of Fed. R. Civ. P. 26(a)(2)(B), Fed. R. Evid. 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993).

**DATED** this 17th day of September, 2012.

                        OTHA OWENS, JR.,
                        Counterclaim Defendant

By:   /s/ *Patrick V. Ortman*
        Thomas M. Locher, NE Bar #15797
        Patrick V. Ortman, NE Bar #23439
        LOCHER PAVELKA DOSTAL
        BRADDY & HAMMES, LLC
        200 The Omaha Club
        2002 Douglas Street
        tlocher@lpdbhlaw.com
        Omaha, NE 68102
        Phone: (402) 898-7000
        Fax: (402) 898-7130


## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mark E. Novotny
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
402 397-7300
402 397-7824 Fax
mnovotny@ldmlaw.com

Larry R. Demerath
406 North 130th Street, Suite 102
Omaha, NE 68154-2187
402 677-5656
402 948-8125 Fax
demerathlaw@aol.com

Justin Demerath
O'Hanlon, McCollom & Demerath
808 West Avenue
Austin, TX  78701
512 494-9949
512 494-9919 Fax
jdemerath@808West.com

/s/ *Patrick V. Ortman*